THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK and ANTONINA KOCHMER,

    Plaintiffs

v.

FIDELITY NATIONAL TITLE INS. CO.,

    Defendant

3:12-CV-1676
(JUDGE MARIANI)

FILED
SCRANTON
APR 1 9 2013
PER _____
DEPUTY CLERK

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Plaintiffs' Motion to Remand and Amend Complaint. (Doc. 5). The motion has been briefed fully and is ripe for review. For the reasons that follow, the Court will grant the motion to amend and to remand and will grant Defendant's request to strike Plaintiff's request for attorneys' fees from the Amended Complaint.

### II. Procedural Background and Factual Allegations

Plaintiffs filed a Complaint with the Court of Common Pleas of Wyoming County in August 2012. (Doc. 1, Ex. B). In their Complaint, apparently under a breach of contract theory, Plaintiffs sought from Defendant the full limit of their insurance policy which amounted to $60,000. (Compl. at 7; see also Doc. 5, Ex. A). They also sought "reasonable attorneys' fees, costs and other expenses incurred in pursuing this title claim and for Defendant's own bad faith in failing to respond to Plaintiff's repeated demands for recovery under the Owner's Title Insurance Policy." (Id.).

Under 28 U.S.C. §§ 1441(b), 1446, Defendant removed the case to the Middle District of Pennsylvania on August 22, 2012 on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Doc. 1, ¶ 8).[1]

Plaintiffs then filed the present Motion to Remand and Amend Complaint (Doc. 5), and attached an Amended Complaint which limits the amount of damages sought to $74,000. (Doc. 5, Ex. B, at 7). In the proposed Amended Complaint, Plaintiffs now seek the policy limit of $60,000 "plus reasonable attorneys' fees not to exceed $10,000.00, and costs and other expenses incurred in pursuing this claim, the total of which judgment, including all costs and fees awarded by the Court, shall not exceed $74,000.00." (*Id.*). Defendant filed a brief in opposition to Plaintiff's Motion, in which it agreed to the proposed amendments but opposed the request for remand. (Doc. 6).

### III. Analysis

#### a. Motion to Amend

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). In addition, "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *In re New Jersey Title Ins. Litigation*, 683 F.3d 451, 462 (3d Cir. 2012). "The Rule 15(a) factors include undue delay, bad faith, prejudice, or futility." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230-31 (3d Cir. 2011) (internal citation and quotation marks omitted).

---

[1] The parties agree there is diversity of citizenship in that Plaintiffs reside in Pennsylvania and Defendant's principal place of business is Florida.

2

Because Plaintiffs timely moved to amend, Defendant would not be prejudiced by the proposed amendments, and Defendant agrees to the proposed amendments, the Court will grant Plaintiffs' motion to amend.

### b. Removal and Motion to Remand

"The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2)(B).

"A district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (internal citations and quotation marks omitted); *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S. Ct. 586, 591, 82 L. Ed. 845 (1938) ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, . . ."). "*St. Paul* focused primarily on the monetary threshold for federal jurisdiction, observing that the time of filing rule prevented plaintiffs from subsequently amending their complaint to plead a lesser amount and avoid removal." *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1503 (3d Cir. 1996). "The court must measure the amount not by the low end of an open-

3

ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski*, 286 F.3d at 666 (internal citations and punctuation marks omitted).

"It is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004)). "[W]hen it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded." *Id.* at 194. "We repeat the admonition expressed in our case law that in order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand." *Samuel-Bassett*, 357 F.3d at 403.

At the time Plaintiffs filed their original Complaint, they sought $60,000 and "reasonable attorneys' fees, costs and other expenses incurred in pursuing this title claim and for Defendant's own bad faith in failing to respond to Plaintiff's repeated demands for recovery under the Owner's Title Insurance Policy." (Compl. at 7). A fair reading of the wherefore clause would have led a defendant to believe that Plaintiffs were seeking relief above the jurisdictional threshold of $75,000. By asking for attorneys' fees and inserting the phrase "bad faith," Defendant interpreted the Complaint to mean that Plaintiffs were suing under 42 PA. CONS. STAT. § 8371, which provides for, among other things, an award of punitive damages, court costs, and attorney fees against the insurer. (Doc. 6, at 5).

4

Plaintiffs explain that their use of the phrase "bad faith" in the original Complaint was "colloquial" and "not intended to create a bad faith action under Pennsylvania law." (Motion, Doc. 5, ¶ 24, n.2). Therefore, they would not be entitled to either punitive damages or attorneys' fees for bad faith. Defendant relied on Plaintiffs' pleading when it interpreted the Complaint to allege damages above $75,000 and removed the case to federal court. *See* 28 U.S.C. § 1446(c)(2)(B); *Werwinski*, 286 F.3d at 666. Thus, removal was proper. *See* 28 U.S.C. §§ 1332(a)(1), 1441(b), 1446.

In their brief in support of their motion, Plaintiffs argue that "the Complaint sounds solely in common law breach of contract and does not raise any separate tort, statutory, or equitable claims under which attorneys' fees may be granted." (Br. in Supp., Doc. 5, at 5-6). Plaintiffs also state they are not entitled to attorneys' fees under Pennsylvania law on a breach of contract action,[2] and the insurance policy does not provide for it. (Motion, Doc. 5, ¶¶ 16-19; *see also* Kochmer-Fidelity Insurance Policy, Doc. 5, Ex. A).

And yet, despite the above arguments and recitations of law, in their proposed Amended Complaint, Plaintiffs still seek "reasonable attorneys' fees not to exceed $10,000.00" included within a judgment "which shall not exceed $74,000.00." (Doc. 5, Ex. B, at 7). Defendant correctly identifies this internal contradiction in its brief in opposition to the motion. As such, Defendant asks this Court to strike the references to attorneys' fees from

---

[2] Plaintifffs cite to *McMullen v. Kutz*, 985 A.2d 769, 775 (Pa. 2009) ("The general rule within this Commonwealth is that each side is responsible for the payment of its own costs and counsel fees absent bad faith or vexatious conduct. . . . [t]his [rule] holds true unless there is express statutory authorization, a clear agreement of the parties or some other established exception") (internal citations and quotation marks omitted) and *Medevac MidAtlantic, LLC v. Keystone Mercy Health Plan*, 817 F. Supp. 2d 515, 534 (E.D. Pa. 2011) ("in breach of contract matters, fees are unavailable absent an agreement between the contracting parties.").

5

the Amended Complaint. (Doc. 6, at 8-9). Given Plaintiffs' concessions that: 1) they are pursuing only a breach of contract claim, 2) the Policy does not authorize the award of attorneys' fees, and 3) there are no grounds, statutory or otherwise, to form the basis for such fees, the Court will strike Plaintiffs' request for attorneys' fees from the Amended Complaint.[3] Therefore, the only claim that Plaintiffs are pursuing is a breach of contract claim for the full policy limit with Defendant of $60,000.

However, because Defendant has agreed to the amendment to remove any claim for bad faith, Plaintiffs' requested relief now totals only $60,000 (excluding costs),[4] which clearly ousts this Court of subject-matter jurisdiction over this case. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, *at all stages* of the litigation, that the case is properly before the federal court." *Frederico*, 507 F.3d at 193 (emphasis added). Therefore, "when it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded." *Id.* at 194 (internal citations and quotation marks omitted).[5] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). While any defendant would welcome a plaintiff's voluntary dismissal of a bad faith claim, having agreed to Plaintiffs' proposed amendments, Defendant cannot face only a breach of contract action for $60,000 and

---

[3] The Court notes that Plaintiffs' positions as set forth in their Motion and Brief in Support (Doc. 5) that 1) they are not asserting any claims for bad faith and 2) they are not entitled to attorneys' fees, are judicial admissions.

[4] 28 U.S.C. § 1332(a) makes clear that the $75,000 jurisdictional threshold is "exclusive of interest and costs."

[5] Under the legal certainty test, the Court is confident there is no possible claim for attorneys' fees under Plaintiffs Amended Complaint, which sets forth a claim for breach of contract only.

6

remain in federal court. Therefore, the Court will grant Plaintiff's motion to remand. See *Samuel-Bassett*, 357 F.3d at 403 ("doubts must be resolved in favor of remand.").

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand and Amend (Doc. 5) will be granted, and Defendant's request to strike Plaintiffs' request for attorneys' fees will be granted. Plaintiff's motion to amend will be granted to remove any claims for bad faith, and the case will be remanded to the Court of Common Pleas of Wyoming County. Furthermore, Plaintiff's request for attorneys' fees based on Defendant's alleged breach of contract is stricken from the Amended Complaint. A separate Order follows.

Robert D. Mariani
United States District Judge